IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SPARKS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-350-NJR |
| JOHN BALDWIN, MELVIN HINTON, JEFF DENNISON, and NIKOLE JUSTICE, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Sparks, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] In the Complaint, Plaintiff alleges Defendants failed to provide him with mental health treatment. He asserts claims against the defendants under the Eighth Amendment. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief. He also seeks to enforce the settlement agreement that was adopted in *Rasho v. Walker,* Case No. 07-cv-1298-MMM (C.D. Ill) ("*Rasho*") (pertaining to mental health treatment for inmates in IDOC custody who are "seriously mentally ill").

The Complaint was originally filed by both Robert Sparks and Ashton Daniel. (Doc. 1). As it was not clear that Ashton Daniel signed the Complaint, the Court directed Daniel to submit a signed

---

[1] Although Plaintiff labels his Complaint as one under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, that Act provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Thus, to the extent Plaintiff seeks to raise a claim under the FTCA, those claims are **DISMISSED with prejudice**. Plaintiff's claims are properly analyzed under Section 1983.

1

Complaint and indicate his desire to either proceed as a plaintiff in this case or pursue his claims individually in a separate lawsuit. (Doc. 4). Daniel responded to the Court Order on April 10, 2019, indicating his intention to pursue his claims in a separate lawsuit. (Doc. 8). The Court directed Plaintiff to file his signed Complaint (Doc. 10) and he filed his own, separate Complaint on May 1, 2019 in the case *Daniel v. Baldwin*, Case No. 19-cv-466-NJR. As Daniel no longer wishes to proceed in this lawsuit and has filed his own Complaint, the Court **DISMISSES without prejudice** Daniel as a Plaintiff in this case. Only the claims submitted by Sparks will be considered in this case.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff challenges the adequacy of mental health services provided at IDOC and alleges that John Baldwin and Melvin Hinton are in violation of the settlement agreement in *Rasho,* of which Ashton Daniel was a class member. (Doc. 1, pp. 9, 11). It is not clear from the Complaint whether or not Plaintiff was also a class member in *Rasho*. When Ashton Daniel arrived at Shawnee, he was denied mental health treatment and was informed that he was not in their records as a patient. (*Id.*). Daniel asked for mental health treatment on numerous occasions while at Shawnee but was denied services. (*Id.*). Daniel's records show that he is in need of treatment. (*Id.* at p. 2).

## Preliminary Dismissals

Plaintiff repeatedly asserts that the mental health services at IDOC violate the settlement agreement in *Rasho*. (Doc. 1, pp, 9-11). He asserts that John Baldwin and Dr. Melvin Hinton are noncompliant with that agreement. (*Id.* at p. 9). In connection with these claims, Plaintiff asks the Court

to issue a preliminary and permanent injunction ordering the defendants to comply with the *Rasho* settlement agreement. (Doc. 1, pp. 12-13). *Rasho* is a class action lawsuit that was filed in the United States District Court for the Central District of Illinois by a group of mentally ill offenders who were denied adequate mental health treatment and subjected to extended periods of segregation that exacerbated their mental health problems.

On May 23, 2016, the *Rasho* court adopted a settlement agreement, (Doc. 696, 710 in *Rasho*), which contains provisions to ensure that seriously mentally ill prisoners receive mental health treatment while confined in segregation and that mental health staff evaluate such prisoners and may make recommendations that their segregation terms be shortened. The only relief sought in *Rasho* was injunctive relief. The court in *Rasho* has noted that an inmate who wishes to seek damages arising from deliberate indifference to a mental health condition must do so in an individual action. (Text Orders, dated 5/18/2016, 9/16/2016, 9/26/2016, *Rasho*). But claims pertaining to enforcement of the settlement agreement should be brought in the Central District of Illinois, where that case was litigated. *See Rasho v. Walker*, Case No. 07-1298, 2018 WL 2392847, *6 (C.D. Ill., May 25, 2018) (stating that the "Settlement Agreement allows for the Plaintiffs to seek relief from this Court if there is a dispute as to whether or not the Defendants are in substantial compliance.").

In this case, Plaintiff may pursue claims stemming from deliberate indifference to his mental health. Plaintiff may not, however, pursue claims pertaining to enforcement of the *Rasho* settlement agreement. Those claims must be brought, if at all, in the Central District of Illinois. Accordingly, Plaintiff's claims pertaining to enforcement of the *Rasho* settlement agreement are **DISMISSED without prejudice**, and his request for a preliminary and permanent injunction pertaining to the same is **DENIED without prejudice**. Because there are no further claims brought against Director Baldwin or Dr. Hinton, these defendants shall be **DISMISSED without prejudice** from the action.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into a single count:

**Count 1:    Defendants were deliberately indifferent in treating Plaintiff's mental health in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

Plaintiff Sparks fails to state a claim for deliberate indifference in the treatment of his mental health. Although he includes factual allegations related to the treatment of Ashton Daniel, he does not include any allegations regarding his own care. He alleges that he had a right to proper mental health treatment provided by Defendant Nikole Justice and that he is suffering from personal injuries pertaining to mental health issues, but he fails to include any allegations regarding his own treatment, or lack thereof. (Doc. 1, p. 2). He alleges that he filed a grievance regarding his treatment at Pinckneyville Correctional Center ("Pinckneyville") but fails to include any factual allegations related to his care there. He has no allegations as to Jeff Dennison's role in the alleged constitutional violations.

A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff's Complaint fails to provide the Court with enough information "to state a claim to relief that is plausible on its face" and the Court is not obligated to craft a claim on Plaintiff's behalf. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, if Plaintiff wants to pursue his claim for deliberate indifference in the treatment of his mental health, he must file an amended complaint setting forth factual allegations relevant to his

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

treatment, as opposed to Ashton Daniel's treatment. The amended complaint should identify who violated Plaintiff's constitutional rights by name, if known, include a description of how Plaintiff's rights were violated, and when that violation took place. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (e.g., John Doe 1 (correctional officer working the noon shift)). Additionally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

**Disposition**

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Ashton Daniel's claims are also **DISMISSED without prejudice** as he has filed his own case related to his mental health treatment and no longer wishes to remain a party in this case. (*See* Doc. 8).

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 28, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/31/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**