# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SPARKS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-350-NJR |
| JEFF DENNISON and NIKOLE JUSTICE, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Sparks filed this action pursuant to 42 U.S.C. § 1983 seeking relief for deprivations of his constitutional rights. The Complaint did not survive screening because Sparks failed to state a claim for deliberate indifference. (Doc. 15). On May 31, 2019, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A(b).

Sparks was granted leave to file a First Amended Complaint on or before June 28, 2019. (Doc. 15, p. 5). He was later granted an extension of time to file his Amended Complaint on or before July 29, 2019. (Doc. 19). He was warned that the case would be dismissed with prejudice if he failed to take any action by this deadline. (Doc. 15, p. 5).

Sparks missed the deadline. More than a week has passed since it expired, and Sparks has not requested an extension or filed an Amended Complaint.

The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice**, based on Sparks's failure to comply with the Court's Order (Doc. 15, p. 5) to file a First Amended Complaint and to prosecute his claims. Fed. R. Civ. P.

41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

Sparks is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(a)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Sparks wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Sparks does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 8/8/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**